[If you need additional space for ANY section, please attach an additional sheet and reference that section.]



## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

**RECEIVED**

*w* OCT 28 2024

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Kandra Jones                                   )
                                               )
_____               )
                                               )
_____               )     CIVIL ACTION
(Name of the plaintiff or plaintiffs)          )
                                               )
              v.                               )     NO._____
                                               )
THOMAS J. DART SHERIFF                         )     1:24-cv-11074
Rosemarie Nolan Dir. of Personnel )     Judge Jorge L. Alonso
COOK COUNTY SHERIFF                            )     Magistrate Judge Keri L. Holleb Hotaling
                                               )     RANDOM CAT 2
DEPARTMENT OF CORRECTION       )
(Name of the defendant or defendants)          )

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is __Kandra Jones__ of the

county of __Cook__ in the state of __Illinois__.

3. The defendant is __Cook County Sheriff Department of Correction__, whose

street address is __50 W. Washington__,

(city)__Chicago__ (county) __Cook__ (state)__IL__ (ZIP) __60602__

(Defendant's telephone number) __(312)__ – __603-5153__

4. The plaintiff sought employment or was employed by the defendant at (street address)

__2600 South California__ (city) __Chicago__

(county)__Cook__ (state) __IL__ (ZIP code) __60608__

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

5. The plaintiff [*check one box*]

(a) ☐ was denied employment by the defendant.

(b) ☐ was hired and is still employed by the defendant.

(c) ☑ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) *October* , (day) *19* , (year) *2005* .

7.1 *(Choose paragraph 7.1 or 7.2, do not complete both.)*

(a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*] ☐ has not ☑ has filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

(i) ☐ the United States Equal Employment Opportunity Commission, on or about (month)_____ (day)_____ (year)_____.

(ii) ☑ the Illinois Department of Human Rights, on or about (month) *October* (day) *19* (year) *2005* .

(b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☑ YES. ☐ NO, **but plaintiff will file a copy of the charge within 14 days.**

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and

(a) the plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in this court complaint.

2

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

☐     Yes (month)_____ (day)_____ (year) _____

☐     No, did not file Complaint of Employment Discrimination

(b)     The plaintiff received a Final Agency Decision on (month)_____ (day) _____ (year) _____.

(c)     Attached is a copy of the

(i) Complaint of Employment Discrimination,

☐ YES    ☐ NO, but a copy will be filed within 14 days.

(ii) Final Agency Decision

☐ YES    ☐ NO, but a copy will be filed within 14 days.

8.     *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☑ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue.*

(b) ☐ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month)_____ (day)_____ (year)_____ a copy of which *Notice* is attached to this complaint.

9.     The defendant discriminated against the plaintiff because of the plaintiff's [*check only those that apply*]:

(a) ☐ Age (Age Discrimination Employment Act).

(b) ☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

3

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

(c) ☑ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e) ☑ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

(g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant [*check only those that apply*]

(a) ☐ failed to hire the plaintiff.

(b) ☑ terminated the plaintiff's employment.

(c) ☑ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☑ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☑ failed to stop harassment;

(g) ☑ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☐ other (specify):_____

4

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

13. The facts supporting the plaintiff's claim of discrimination are as follows:

_See attachment_

14. *[AGE DISCRIMINATION ONLY]* Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☑ YES   ☐ NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

(a) ☐ Direct the defendant to hire the plaintiff.

(b) ☑ Direct the defendant to re-employ the plaintiff.

(c) ☑ Direct the defendant to promote the plaintiff.

(d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

(e) ☑ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) ☑ Direct the defendant to (specify): _See attachment_

5

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

(g) ☑ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☑ Grant such other relief as the Court may find appropriate.

(Plaintiff's signature)

_Kandra Jones_

(Plaintiff's name)

KANDRA JONES

(Plaintiff's street address)

7301 S. FAIRFIELD AVE.

(City) CHICAGO (State) IL (ZIP) 60629

(Plaintiff's telephone number) (773) - 616 - 4942

Date: 10/28/2024

6

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Continued page 5

#13

Facts supporting the plaintiff's claim of discrimination are as follows:

Notification of Blatant Discrimination

Plaintiff sent notification of blatant discrimination/retaliation to Director Callie Baird of the Cook County Jail prior to the termination. (no response) The plaintiff was protected once the notification had been submitted under the Illinois Human Rights Act 775 ILCS 5/1-101 and Section 5/2-102

Plaintiff participated in the Divisional Bid process to opt out of division 8(bidding for officers assigned to specialty units only example medical and mental units). Plaintiff bidded to avoid hostile work environment, harassment and discriminatory acts that aggravated plaintiff medical condition.

Plaintiff participated in the Compound wide job bid process (bidding for all officers) (secured bid to External Operation), bid was signed off and approved by union Metropolitan Alliance Police and defendant Cook County Department of Correction administration designee Superintendent Patricia Allen.

Defendant retaliated and invalidated plaintiff job bid (non-accommodation, discrimination, illegal act) (Charges were filed with the Illinois Department of Human Rights). After these retaliatory acts, the plaintiff experienced extreme mental depression. (Administrative Law Judge Borah awarded damages for mental cruelty).

The plaintiff was involuntarily transferred without plaintiff consent to various work assignments, mainly division 1 and 3. Division 1 was deplorable filled with smoke, poor ventilation to, no ventilation, mice, cockroaches, mold and mildew. It was the oldest building on the compound. Due to the deplorable conditions of division 1, Plaintiff was ambulated to Mount Sinai hospital due to aggravated medical condition. Division 1 was so debilitating it had been demolished. Division 3 was undergoing renovation which filled the building with debris, dust, and exposed mold and mildew amongst the mice, mice droppings and cockroaches. (plaintiff was a bidded officer to a specific work location union contract). (retaliation, non-accommodation, harassment)

The union Metropolitan Alliance of Police extended 10 temporary transfers plaintiff was the only one denied. (non-accommodation, retaliation, discrimination)

The defendant Director of Personnel Rosemarie Nolan identified and agreed to transfer plaintiff to another location within the Cook County Jail with newer and better ventilation.

1 of 3

Plaintiff returned to Cook County Personnel office with updated medical restriction authored by defendant physicians. Director of personnel Rosemarie Nolan refused to reinstate plaintiff. Director Rosemarie Nolan failed to cooperate in the interactive process. Director Rosemarie Nolan continued to violate plaintiff's rights by continuing to do illegal and retaliatory acts. (non-accommodation, discrimination, retaliation)

Plaintiff was taken off paid active work status and placed on an unauthorized no-pay status by Director of Personnel Rosemarie Nolan. Director Rosemarie Nolan created an unauthorized no-pay status policy that was illegal exclusively for plaintiff. (non-accommodation, discrimination, retaliation)

During union arbitration, Arbitrator James R. Cox ruled in favor of plaintiff that the job bid was valid and ordered the defendant to reinstate plaintiff back to work within fifteen days. Arbitration is binding on both parties. Defendant did not reinstate plaintiff back to work. (Charges were amended with the Illinois Department of Human Rights) (Violation of Article 14.3 of the labor agreement, non-accommodation, discrimination, retaliation, illegal act)

Plaintiff participated in the class action grievance medical restriction for Correctional Officers grievance # 03-ADM-105. The class action grievance was won in October 2005. Officers with medical restrictions were returned to work excluding plaintiff. The Chapter best witness turned out to be Rosemarie Nolan, Director Of Personnel who was responsible for changing the light duty practice. Because of her personnel arrogance and ignorance of labor law, she testified proudly that it was she and she alone who was responsible for rejecting the Cook County doctors' findings that otherwise would allow officers to return to work with restrictions. She never once contested the fact that after March 2003, she chose to substantially limit the number of employees being returned to work with disabilities. This was a direct violation of labor laws. (non-accommodation, retaliation, illegal activities, mental distress)

Plaintiff filed a complaint with Employee Assistance Program (EAP) Representative Mark Goldman tried to assist with the hostile work environment. Defendant failed to interact, respond or reply to Employee Assistance Program. (non-accommodation, discrimination)

Plaintiff filed a complaint against Director of Personnel Rosemarie Nolan with the Cook County Department of Correction Internal Affairs for placing plaintiff on unauthorized no-pay status. Plaintiff filed a complaint with the Inspector General Office for harassment and hostile work environment. No response from either department or no assistance. (non-accommodation, discrimination)

2 of 3

Defendant held Merit Board hearing. Defendant wrongfully terminated plaintiff in August 2006 and back dated termination to January 2006 to circumvent the arbitrator ruling. Two of the Merit Board voting members (Daniel J. Lynch and Brian J. Riordan) were appointed for less than the statutory required 6 years. (Plaintiff amended charges with the Illinois Department of Human Rights) (non-accommodation, discrimination, retaliation)

It is a legal fact that the Illinois Appellate court and the Illinois Supreme court found the Cook County Sheriff Merit Board improperly constituted. The Illinois Appellate court found any illegal decisions issued by an illegally constituted Cook County Sheriff Merit Board were invalid and void, dating back to 2005. The Illinois Supreme court ruled that officers can sue for back pay, lost wages and get their jobs back. See Percy Taylor plaintiff v. Thomas J. Dart Sheriff of Cook County and the Cook County Sheriff; s Merit Board, Illinois Appellate case No. 13-CH-26319 Docket No. 1-14-3684

Defendant was convicted of discrimination, non-accommodation, mental cruelty by the Illinois Department of Human Rights case number 2006CF0883

3 of 3

Continued page 5

# 16 (F)

(F) Direct the defendant to pay $5,000,000.00 USDA to plaintiff for the totality of all discrimination.

Plaintiff final order conviction is the basis for plaintiff to state a claim against Cook County Sheriff department upon which relief should be granted. All damages sustained by plaintiff were directly and proximately caused or directly and proximately contributed to by the neglected acts of discrimination, non-accommodation, and mental cruelty by defendant. Compounded with the fact that two of the Merit Board members (Daniel J. Lynch and Brian J. Riordan) were illegally seated. All losses, damages or injuries sustained by plaintiff were caused by the acts of Cook County Sheriff Department personnel.

These acts make defendant liable and responsible. The misuse and abuse of power by Cook County Sheriff department grant plaintiff the right for recovery of damages. Plaintiff was following the regulations and specifications of the Illinois Department of Human Rights when charges were filed. Therefore, the Illinois Department of Human Rights found defendant guilty of these acts (discrimination, non-accommodation, retaliation and mental cruelty). Relief must be given because of the findings and the preponderance of the evidence.

Cook County Sheriff Department is responsible, and plaintiff is entitled to recover damages against defendant. Any damages are in proportion to the percentage of negligence attributable to the defendant verdict of guilty (discrimination, non-accommodation, and mental cruelty). Plaintiff is basing relief on Cook County Department of Correction being found guilty of violations of the law (discrimination, non-accommodation, and mental cruelty). Coupled with the illegal Cook County Sheriff Merit Board, and former Cook County Sheriff Director of Personnel Rosemarie Nolan who was found guilty of discrimination against officers with disabilities. The Illinois Supreme court decision by Justice Neville states officers can sue for lost wages, back pay and get their jobs back.

Subpar 230 of the Illinois Human Rights Commission of Regulation mission fights discrimination and enforce the Illinois Human Rights Act. The Illinois Human Rights Act enforces freedom from unlawful discrimination and Cook County Sheriff Department in the final order were found guilty of these acts, ( discrimination, non-accommodation and mental cruelty. (Under 775ILCS 5/8B-104 from CH> 68 par. 8b-104) sub G. Make Complainant Whole.

1 of 2

Plaintiff was covered by the Relief of Law Act. Defendant ignored and disregarded the law. The law of remedy equals compensatory damages. Compensate the plaintiff to be restored back to the position he or she was in prior to the discrimination. Therefore, plaintiff is asking this court to award the monetary amount of $5,000,000.00 USDA, and any other remedies this court deems just.

Case References

Equal Employment Opportunity Commission Disability Discrimination Case

(EEOC v. Drivers Management, LLC and Werner Enterprises, Case # 8:18-cv-00462)

(EEOC v. Walmart Case # 17-cv-0070)

(EEOC v. McLane Northeast Case #5:20-cv-01628-BKS-ML

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.

(06W1006-09)

| AGENCY | CHARGE NUMBER |
|---|---|
| ☒ IDHR | 2006CF0883 |
| ☐ EEOC | |

## Illinois Department of Human Rights and EEOC

| NAME (indicate Mr. Ms. Mrs.) | HOME TELEPHONE (include area code) |
|---|---|
| Ms. Kandra K. Jones | (773) 498-8664 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 7301 S. Fairfield Ave. | Chicago, IL. 60629 | 12/24/68 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE |
|---|---|---|
| Cook County Dept. of Corrections | | (312) 443-4521 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 118 S. Clark Street | Chicago, IL. 60602 | Cook (031) |

| CAUSE OF DISCRIMINATION BASED ON: | DATE OF DISCRIMINATION |
|---|---|
| Handicap      Retaliation | EARLIEST (ADEA/EPA)  LATEST (ALL) 08/10/05 |
| | ☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional space is needed attach extra sheets)

I. A. ISSUE/BASIS

FAILURE TO ACCOMMODATE, ON OR ABOUT AUGUST 4, 2005, BECAUSE OF MY PHYSICAL HANDICAPS, ASTHMA/SINUSITIS.

B. PRIMA FACIE ALLEGATIONS

1. I am handicapped within the meaning of Section 1-103(I) of the Human Rights Act.

... Respondent was aware of my condition.

(Continued)

I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SUBSCRIBED AND SWORN TO BEFORE ME ON THIS

NOTARY SIGNATURE _____ MONTH DATE-YEAR  10/19/05

"OFFICIAL SEAL"
RAQUEL C. GUERRA
Notary Public, State of Illinois
My Commission Expires 4/12/2008

NOTARY SEAL

X _____ SIGNATURE OF COMPLAINANT  DATE 10/19/05

I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief

FORM 5 (5/05)

Charge Number: 2006CF
Kandra K. Jones
Page 2

3. On or about August 4, 2005, I was denied an accommodation for handicapping condition by Rosemarie Nolan (non-handicapped), Respondent's Director of Personnel. Nolan received the first request and stated that it was too old. A second request was forwarded again to Nolan, and she stated that the second request was unacceptable because it was not noted that it was a permanent restriction. Nolan then stated that I was to have the term permanent added by the doctor before it would be accepted by the Respondent. After each document request was submitted, Nolan still failed to accept and accommodate the medically sanctioned restriction. No documentation was received from Nolan validating her reasons for the failure to accommodate my medically sanctioned accommodations.

4. I believe that there have been other, similarly situated, non-handicapped correctional officers, such as Officer John Pizzi and others, that have levels of work performance which is similar to mine, that have requested medically sanctioned accommodations for transitory health conditions, but their requests for an accommodation were approved.

5. My handicapping conditions do not prohibit me from performing the essential duties of my job, with reasonable accommodations.

II.  A. ISSUE/BASIS

FAILURE TO ACCOMMODATE, ON OR ABOUT AUGUST 4, 2005, IN RETALIATION FOR HAVING FILED A PREVIOUS CHARGE OF DISCRIMINATION.

B. PRIMA FACIE ALLEGATIONS

1. On or about July 27, 2004, I engaged in a protected activity when I filed charge number 2005CF0218 against the Respondent with the Department of Human Rights.

2. On or about August 4, 2005, I was denied an accommodation for handicapping condition by Rosemarie Nolan (non-handicapped), Respondent's Director of Personnel. Nolan received the first request and stated that it was too old. A second request was forwarded again to Nolan, and she stated that the second request was unacceptable because it did not note that it was a permanent restriction.

(Continued)

Charge Number: 2006CF0883
Kandra K. Jones
Page 3

Nolan then stated that I was to have the term permanent added before it would be accepted by the Respondent. After submitting each document request, Nolan still failed to accept and accommodate the medically sanctioned restriction. No documentation was received from Nolan validating her reasons for the failure to accommodate my medically sanctioned accommodations.

3. Respondent's adverse actions have followed my protected activity within such a period of time as to raise an inference of retaliatory motivation.

III. A. ISSUE/BASIS

FORCED TRANSFER, ON OR ABOUT AUGUST 4, 2005, BECAUSE OF MY PHYSICAL HANDICAPS, ASTHMA/SINUSITIS.

B. PRIMA FACIE ALLEGATIONS

1. I am handicapped within the meaning of Section 1-103(I) of the Human Rights Act.

2. Respondent was aware of my condition.

3. On or about August 4, 2005, I was forced to transfer into Respondent's Division Three (3) location by Mary Salazar (non-handicapped), Respondent's Division Three (3) Superintendent. Salazar stated that the transfer was made because she would not honor my previously submitted medical restrictions and placed me into a hostile and hazardous work environment which was not in compliance with my medically sanctioned restrictions and then stated that I must get the restriction, or go on disability. No documentation was received from Salazar which validated her reason for the forced transfer.

4. I believe that there have been other, similarly situated, non-handicapped correctional officers, such as Officer John Pizzi, and others, that have levels of work performance which are similar to mine, that have not been forced to transfer into a work environment which was hazardous to their personal health as mine is.

(Continued)

Charge Number: 2006CF0883
Kandra K. Jones.
Page 4

5. My handicapping condition does not prohibit me from performing the essential duties of my job, with reasonable accommodations.

IV. A. ISSUE/BASIS

FORCED TRANSFER, ON OR ABOUT AUGUST 4, 2005, IN RETALIATION FOR HAVING FILED A PREVIOUS CHARGE OF DISCRIMINATION.

C. PRIMA FACIE ALLEGATIONS

1. On or about July 27, 2004, I engaged in a protected activity when I filed charge number 2005CF0218 against the Respondent with the Department of Human Rights.

2. On or about August 4, 2005, I was forced to transfer into Respondent's Division Three (3) location by Mary Salazar, Respondent's Superintendent of Administration. Salazar stated that the transfer was made because she would not honor my previously submitted medical restrictions and placed me into a hostile and hazardous work environment which was not in compliance with my medically sanctioned restrictions. No documentation was received from Salazar which validated her reason for the forced transfer.

3. Respondent's adverse actions have followed my protected activity within such a period of time as to raise an inference of retaliatory motivation.

V. A. ISSUE/BASIS

PLACED IN A NON-PAY STATUS, ON OR ABOUT AUGUST 10, 2005, BECAUSE OF MY PHYSICAL HANDICAPS, ASTHMA/SINUSITIS.

B. PRIMA FACIE ALLEGATIONS

1. I am handicapped within the meaning of section 1-103(I) of the Human Rights Act.

2. Respondent was aware of my condition.

(Continued)

Charge Number: 2006CF0883
Kandra K. Jones
Page 5

3. On or about August 10, 2005, I was verbally notified by Rosemarie Nolan (non-handicapped), Respondent's Director of Personnel, that I was being placed into an inactive, non-pay status until the changes which she wanted made to my medically sanctioned restrictions were made to her satisfaction. No documentation was received from Nolan which validated her reasons for the adverse action.

4. I believe that there have been other, similarly situated, non-handicapped correctional officers, such as Officer John Pizzi, and others, that have levels of work performance which are similar to mine, that have submitted accommodation requests for transitory health conditions, but their requests were accommodated, and they were not forced to have their accommodations changed to the Respondent's satisfaction, nor were they placed into an inactive, non-pay status as I have been.

5. My handicapping condition does not prohibit me from performing the essential duties of my job, with reasonable accommodations.

## VI. A. ISSUE/BASIS

PLACED IN A NON-PAY STATUS, ON OR ABOUT AUGUST 10, 2005, IN RETALIATION FOR HAVING FILED A PREVIOUS CHARGE OF DISCRIMINATION.

## D. PRIMA FACIE ALLEGATIONS

1. On or about July 27, 2004, I engaged in a protected activity when I filed charge number 2005CF0218 against the Respondent with the Department of Human Rights.

2. On or about August 10, 2005, I was verbally notified by Rosemarie Nolan, Respondent's Director of Personnel, that I was being placed into an inactive, non-pay status until the changes which she wanted made to my medically sanctioned restrictions were made to her satisfaction. No documentation was received from Nolan which validated her reasons for the adverse action.

3. Respondent's adverse actions have followed my protected activity within such a period of time as to raise an inference of retaliatory motivation.

ACF/JJT/RCG

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.

(06W1006-09)

| AGENCY | CHARGE NUMBER |
|---|---|
| ☒ IDHR | 2006CF0883 |
| ☐ EEOC | |

## Illinois Department of Human Rights and EEOC

| NAME (Indicate Mr. Ms. Mrs.) Ms. Kandra K. Jones | HOME TELEPHONE (include area code) (773) 498-8664 |
|---|---|

| STREET ADDRESS 7301 S. Fairfield Ave. | CITY, STATE AND ZIP CODE Chicago, IL. 60629 | DATE OF BIRTH |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME Cook County Dept. of Corrections | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE (312) 443-4521 |
|---|---|---|

| STREET ADDRESS 118 S. Clark Street | CITY, STATE AND ZIP CODE Chicago, IL. 60602 | COUNTY Cook (031) |
|---|---|---|

| CAUSE OF DISCRIMINATION BASED ON: Retaliation | DATE OF DISCRIMINATION EARLIEST (ADEA/EPA) LATEST (ALL) 02/06/06 ☐ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE (if additional space is needed attach extra sheets)

### AMENDMENT #I

THIS CHARGE IS BEING AMENDED TO INCLUDE ISSUE VII.

VII. A. ISSUE/BASIS

FAILURE TO REINSTATE TO ACTIVE STATUS – JANUARY 16, 2006 AND CONTINUING TO THE PRESENT, FEBRUARY 6, 2006, IN RETALIATION FOR FILING A PREVIOUS CHARGE OF DISCRIMINATION

B. PRIMA FACIE ALLEGATIONS

1. On or about July 27, 2004, I engaged in a protected activity when I filed charge number 2005CF0218, with the Department of Human Rights. On October 13, 2005, I again engaged in a protected activity when I filed charge number 2006CF0883, with the Department of Human Rights, opposing that which I reasonably and in good faith believed to be unlawful discrimination based on my physical handicap and based on retaliation.

(Continued)

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SUBSCRIBED AND SWORN TO BEFORE ME ON THIS |
|---|---|
| | NOTARY SIGNATURE       MONTH DATE-YEAR 2/06/06 |
| "OFFICIAL SEAL" Krystal I. Rogers Notary Public, State of Illinois My Commission Expires Nov. 15, 2006  NOTARY SEAL. | X_____ 2/6/06 SIGNATURE OF COMPLAINANT   DATE  I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief |

Charge Number: 2006CF0883
Kandra K. Jones
Page 2

2. On January 2, 2006, I during arbitration, James R. Cox, Arbitrator, agreed that I should be placed in an External Operations assignment based on my seniority at the time of the bid. Respondent was instructed to place me in External Operations on the 7 a.m. to 3:00 p.m. shift, in Detail four within 15 days. As of February 6, 2006, Respondent has failed to reinstate me to active status. Respondent's stated reason for denying me active status was that they wanted all of the restrictions removed since I was being assigned to External Operations.

3. Respondent's adverse actions have followed my protected activity within such a period of time as to raise an inference of retaliatory motivation.

MEE/RCG

# CHARGE OF DISC. .MINATION

This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.

(06W1006-09B)

| AGENCY | CHARGE NUMBER |
|---|---|
| ☒ IDHR | |
| ☐ EEOC | 2006CF0883 |

### Illinois Department of Human Rights and EEOC

| NAME (indicate Mr. Ms. Mrs.)<br>Ms. Kandra K. Jones | HOME TELEPHONE (include area code)<br>(773) 498-8664 |
|---|---|

| STREET ADDRESS<br>7301 S. Fairfield Ave. | CITY, STATE AND ZIP CODE<br>Chicago, IL. 60629 | DATE OF BIRTH |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME<br>Cook County Dept. of Corrections | NUMBER OF EMPLOYEES,<br>MEMBERS 15+ | TELEPHONE<br>(312) 443-4521 |
|---|---|---|

| STREET ADDRESS<br>118 S. Clark Street | CITY, STATE AND ZIP CODE<br>Chicago, IL. 60602 | COUNTY<br>Cook (031) |
|---|---|---|

| CAUSE OF DISCRIMINATION BASED ON:<br><br>Retaliation    Physical Handicap | DATE OF DISCRIMINATION<br><br>EARLIEST (ADEA/EPA) LATEST (ALL)<br>08/01/06  -<br>☐ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE (if additional space is needed attach extra sheets)

**AMENDMENT #II**

THIS CHARGE IS BEING AMENDED TO INCLUDE ISSUES VIII, IX and X.

VIII.    A.  ISSUE/BASIS

DISCHARGE – EFFECTIVE JANUARY 6, 2006, BECAUSE OF MY PHYSICAL HANDICAP, ASTHMA

B.  PRIMA FACIE ALLEGATIONS

1.  I am handicapped within the meaning of Section 1-103(I) of the Human J. Act.

2.  Respondent is aware of my condition.

(Continued)

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SUBSCRIBED AND SWORN TO BEFORE ME ON THIS<br><br>_____ 10/26/06<br>NOTARY SIGNATURE      MONTH DATE-YEAR |
|---|---|
| **"OFFICIAL SEAL"**<br>Krystal I. Rogers<br>Notary Public, State of Illinois<br>My Commission Expires Nov. 15, 2006<br><br>NOTARY SEAL | X _____ 10/26/06<br>SIGNATURE OF COMPLAINANT      DATE<br><br>I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief |

**Charge Number: 2006CF0883**
**Kandra K. Jones**
**Page 2**

2. On January 2, 2006, I during arbitration, James R. Cox, Arbitrator, agreed that I should be placed in an External Operations assignment based on my seniority at the time of the bid. Respondent was instructed to place me in External Operations on the 7 a.m. to 3:00 p.m. shift, in Detail four within 15 days. As of February 6, 2006, Respondent has failed to reinstate me to active status. Respondent's stated reason for denying me active status was that they wanted all of the restrictions removed since I was being assigned to External Operations.

3. Respondent's adverse actions have followed my protected activity within such a period of time as to raise an inference of retaliatory motivation.

**MEE/RCG**

**Charge Number: 2006CF0883**
**Kandra K. Jones**
**Page 2**

3. On August 1, 2006, I received Notice from Respondent's Merit Board, informing me that I had been separated from employment effective January 6, 2006. The reasons given by the Merit Board for my discharge was that Respondent had proven by a preponderance of evidence that I had violated General Order 4.1, Section III A-9 by being absent more than three consecutive workdays without notifying the Division. Section III A-11 by having more than four medical days absent without sufficient time to cover those absences from June 11, 2004 through June 11, 2005 and violating the Rules and Regulations of Article X, Section 3.

4. My handicap is unrelated to my ability to perform the essential functions of my job, with a reasonable accommodation.

IX.  A.  **ISSUE/BASIS**

**DISCHARGE – EFFECTIVE JANUARY 6, 2006, BECAUSE OF MY PHYSICAL HANDICAP, SINUSITIS**

B.  **PRIMA FACIE ALLEGATIONS**

1. I am handicapped within the meaning of Section 1-103(I) of the Human Rights Act.

2. Respondent is aware of my condition.

3. On August 1, 2006, I received Notice from Respondent's Merit Board, informing me that I had been separated from employment effective January 6, 2006. The reasons given by the Merit Board for my discharge was that Respondent had proven by a preponderance of evidence that I had violated General Order 4.1, Section III A-9 by being absent more than three consecutive workdays without notifying the Division. Section III A-11 by having more than four medical days absent without sufficient time to cover those absences from June 11, 2004 through June 11, 2005 and violating the Rules and Regulations of Article X, Section 3.

4. My handicap is unrelated to my ability to perform the essential functions of my job, with a reasonable accommodation.

**Continued...**

X.    A.    ISSUE/BASIS

DISCHARGE – EFFECTIVE JANUARY 6, 2006, IN RETALIATION FOR
HAVING FILED A PREVIOUS CHARGE OF DISCRIMINATION

B.    PRIMA FACIE ALLEGATIONS

1.    On July 27, 2004, I engaged in a protected activity when I filed charge
number 2005CF0218, with the Department of Human Rights. On
October 13, 2005, I again engaged in a protected activity when I filed
charge number 2006CF0883, with the Department of Human Rights,
opposing that which I reasonably and in good faith believed to be
unlawful discrimination based on my physical handicap and based on
retaliation.

2.    On August 1, 2006, I received Notice from Respondent's Merit
Board, informing me that I had been separated from employment
effective January 6, 2006. The reasons given by the Merit Board for my
discharge was that Respondent had proven by a preponderance of
evidence that I had violated General Order 4.1, Section III A-9 by being
absent more than three consecutive workdays without notifying the
Division. Section III A-11 by having more than four medical days
absent without sufficient time to cover those absences from June 11,
2004 through June 11, 2005 and violating the Rules and Regulations of
Article X, Section 3.

3.    Respondent's adverse action followed my protected activity within such
a period of time as to raise an inference of retaliatory motivation.

MEE/RCG