**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Kandra Jones,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 1:24-cv-11074** |
| **v.** | ) | |
| | ) | **Judge Jorge Alonso** |
| **Thomas J. Dart, Rosemarie Nolan, and Patricia Allen,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

Defendant's partial motion to dismiss [33] is granted. Plaintiff's claims under 42 U.S.C. § 1983 are dismissed. The parties are directed to file a joint status report by 11/12/26 proposing next steps in this litigation.

**STATEMENT**

Plaintiff brings a *pro se* complaint against her former alleged employer, Cook County Sheriff Thomas J. Dart, Director of Personnel Rosemarie Nolan, and Superintendent Patricia Allen, alleging disability and race discrimination and retaliation in violation of the Americans with Disabilities Act, the Rehabilitation Act, and/or Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981; and discrimination under 42 U.S.C. § 1983. ECF 1 at ¶¶ 9, 10; ECF 19 at 1, 7. Plaintiff alleges that Defendants failed to promote her, failed to reasonably accommodate her alleged disability (asthma) on or about August 4, 2005, failed to stop harassment, placed her on inactive, non-pay status on August 10, 2005, terminated her employment, and retaliated against her for filing complaints with the Illinois Department of Human Rights ("IDHR") on July 27, 2004, and in October 2005. ECF 1 at ¶¶ 7.1, 12. The most recent incident of which Plaintiff complains is wrongful termination in August 2006. *Id.* at 9. Plaintiff alleges that she filed a charge against Defendant with IDHR on October 19, 2005, asserting the acts of discrimination alleged in the instant lawsuit; it is the policy of IDHR to cross file with the Equal Employment Opportunity Commission ("EEOC") all charges received, and Plaintiff has no reason to believe that this policy was not followed in this case. *Id.* at ¶ 7.1. The Court previously ruled that it cannot dismiss the ADA, Rehabilitation Act, or Title VII claims asserted against Defendants on the basis of administrative exhaustion. *See* ECF 20. Defendants now move to dismiss Plaintiff's complaint on the basis that her Section 1983 claims are time-barred and, even if her claims were timely, she fails to state a claim under Section 1983. *See generally* ECF 33.

Statute of limitations is an affirmative defense. *See* Fed. R. Civ. P. 8(c)(1). "[A]lthough a plaintiff need not anticipate or overcome affirmative defenses such as those based on the statute

of limitations, if a plaintiff alleges facts sufficient to establish a statute of limitations defense, the district court may dismiss the complaint on that ground." *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015). "Claims under § 1983 borrow the statute of limitations for personal injury actions in the state in which the cause of action arose." *Cielak v. Nicolet Union High Sch. Dist.*, 112 F.4th 472, 477 (7th Cir. 2024). But federal law governs the accrual of Section 1983 claims. *See Ghelf v. Town of Wheatland*, 132 F.4th 456, 469 (7th Cir. 2025). "Pursuant to 735 ILCS 5/13–202, the statute of limitations for section 1983 cases filed in federal court is two years." *Mitchell v. Donchin*, 286 F.3d 447, 450 n. 1 (7th Cir. 2002) (citing *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998)). A Section 1983 claim accrues when the plaintiff "knows his injury and its cause . . . even if the full extent or severity of the injury is not yet known." *Devbrow v. Kalu*, 705 F.3d 765, 768 (7th Cir. 2013); *see also Amin Ijbara Equity Corp. v. Village of Oak Lawn*, 860 F.3d 489, 493 (7th Cir. 2017) (similar). "We use a two-step test to determine the accrual date: (1) we identify the injury and (2) we determine when the plaintiff could have sued for that injury." *Draper v. Martin*, 664 F.3d 1110, 1113 (7th Cir. 2011).

While Plaintiff is correct in that a party need not plead around an affirmative defense, where, as here, a party "plead[s] facts that establish an impenetrable defense to its claims," it pleads itself out of court. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008). Liberally construing the pleadings, the Court finds that Plaintiff's Section 1983 claim accrued by at least October 19, 2005, when she filed a charge for discrimination against Defendants with the IDHR. Her complaint initiating this action was filed on October 28, 2024, well beyond the two-year statute of limitations for Section 1983 claims. To the extent that Plaintiff argues that her Section 1983 claims are affected by "administrative filings," this fails. *See* ECF 43 at 5. The Seventh Circuit has held that claims brought under Section 1983 are not subject to the remedial scheme applicable to claims asserted under Title VII, which requires administrative exhaustion. *See Trigg v. Fort Wayne Cmty. Sch.*, 766 F.2d 299, 302 (7th Cir. 1985) ("A plaintiff may sue her state government employer for violations of the Fourteenth Amendment through § 1983 and escape Title VII's comprehensive remedial scheme, even if the same facts would suggest a violation of Title VII.").

As such, Defendants' motion to dismiss Plaintiff's Section 1983 claims is granted on the issue of timeliness. Because the Court grants Defendants' motion on this issue, it does not reach the merits of the parties' failure to state a claim arguments.

**SO ORDERED.**

**ENTERED: October 30, 2026**



**HON. JORGE ALONSO**
**United States District Judge**